JAMES B. CASTLE, Collector-General of Customs, *vs.* 200 CASKS OF SHOYU and other Goods alleged to be the property of S. OZAKI.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT.

HEARING, SEPTEMBER 28, 1894.     DECISION, OCTOBER 18, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

An allegation of a seizure of goods by the Collector-General for the purpose of confiscation is sufficient to give the Admiralty Court jurisdiction over the goods, without a further averment that the goods are still in his possession, and without a further seizure by the Marshal, under Section 667, Compiled Laws.

OPINION OF THE COURT, BY BICKERTON, J.

The libel and complaint in this case alleges : First, that the steamship Gaelic arrived at the port of Honolulu from Yokohama, a port in Japan, having on board foreign merchandise mentioned in the exhibit attached, which were invoiced to S. Ozaki, of said Honolulu.

"2d.   That on, to wit, the 15th day of May, A. D., 1894, the said goods were entered at the custom house in said Honolulu, by said S. Ozaki, as and for a total value of, to wit, one thousand and ninety-one 83-100 dollars ($1,091.83), whereas. in truth and in fact the said goods then and there were of the value of, to wit, three thousand six hundred and sixty-four 28-100 dollars ($3,664.28), as this libellant is informed by competent appraisers, and so believes."

"3d. That the invoice of said goods, as libellant is likewise informed and believes, was a false and fraudulent invoice in respect of the value of said goods, and in such false and fraudulent condition, was by the said S. Ozaki, passed through the said custom house."

"4th. That said goods thereupon became liable to seizure and confiscation, and that this libellant has seized the same for said purpose."

"5th. That all and singular the matters herein stated are true, and within the jurisdiction of this Honorable Court." And prays for process against the said goods, and that said Ozaki and all other persons claiming any interest therein may be summoned to appear to answer the libel; and that said goods may be declared forfeited and confiscated to the Hawaiian Government and be sold as required by law, and for such other relief or order as may be just.

The order for process as prayed for was made; and return of service made on the summons August 14th, 1894. On the 31st of the same month, said S. Ozaki filed a plea to the jurisdiction wherein he submits and says, "that it does not appear from said complaint or libel that this court has any jurisdiction to hear and determine this cause, for the reason that it does not appear from and by said complaint or libel that the goods therein alleged to have been falsely and fraudulently entered and passed through the custom house at Honolulu, or any of the same, are now, or were at the time of the filing of said complaint or libel, in the custody of said collector-general, or elsewhere within the territorial jurisdiction, or within the custody or control of this court, or of any of its officers. Wherefore this appearer submits and prays that said complaint or libel may be dismissed, with costs to this appearer."

After argument by counsel on both sides the libel was dismissed, and the Attorney-General, on behalf of said libellant appealed from the said order dismissing the libel to this court.

The only question now before this court for consideration

is :　Are the allegations in the libel sufficient to bring the matter within the jurisdiction of the Admiralty Court?　We are of the opinion that they are.

It is contended by respondent's counsel, "that it is essential to the jurisdiction of the court that the *res* should be in the custody and under the control of the court.　Such custody may be either actual or constructive, but it must exist, and should be alleged in the libel or otherwise be made to appear as existing."　This, in the main, is our understanding of the law, and is undoubted.　Several other points are raised and argued by respondent's counsel, which may perhaps be properly raised in the trial of the case on its merits, but are not for our consideration now on this appeal.

Sec. 667 of the statute, Comp. Laws, p. 191, provides that all goods seized shall remain in the custody of the collector or other officer of the customs, until it shall be ascertained whether the same are liable to forfeiture or not.　This must be construed to mean that the collector or customs authorities are made by law the custodians of the goods seized, pending the proceedings and judgment of a court of competent jurisdiction.　The statute provides a complete course of procedure in case of a violation of the same.

The libellant alleges that he has seized the goods in question for the purpose of confiscation, and it is only fair to presume that he has followed the course of procedure laid down in the statute, until it is shown to the contrary ; and that he, the libellant, still has the custody or control of the seized goods.

Sec. 668 provides for the trial of cases where the goods have been released on bond pending the proceedings, showing beyond any question that the law does not make it necessary that the goods should be transferred from the collector to the marshal or other officer of the court.

In the case of " The Brig Ann," 9 Cranch, p. 289, Mr. Justice Story, who delivered the opinion of the court, in speaking of the actual and constructive possession of the

goods, held that the property was in the constructive posses-sion of the court "when by a seizure it is held to ascertain and enforce a right or forfeiture which can alone be decided by a judicial decree in rem."

The allegations in the libel that the goods in question had been brought in the vessel into the port of Honolulu, and entered in the custom house at Honolulu and had been seized by the collector general, who is by statute the collector of the port of Honolulu, are sufficient to show that the goods were then in Honolulu, which is within the terri-torial jurisdiction of the Circuit Court, First Circuit.

The plea to the jurisdiction should have been overruled and the decree and order dismissing the libel now appealed from should be reversed.

And it is so ordered.

*W. O. Smith, Attorney-General,* for libellant.

*C. W. Ashford,* for libellee.